FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRYAN DORSEY,<br><br>     Plaintiff,<br><br>  v.<br><br>JEFFERY UTTECHT, Superintendent Coyote Ridge Corrections Center; JASON TACKETT, Lieutenant Coyote Ridge Corrections Center; and ERIC ASKREN, Chaplain Coyote Ridge Corrections Center,<br><br>     Defendants. | NO: 4:21-CV-5122-TOR<br><br>ORDER OF DISMISSAL |

BEFORE THE COURT is the Order to Show Cause Why Case Should Not be Dismissed. ECF No. 25. Plaintiff was ordered to show cause why this action should not be dismissed on or before May 11, 2023. *Id*. To date, Plaintiff has not responded to the Order to Show Cause. Plaintiff never participated in a discussion

ORDER OF DISMISSAL ~ 1

with opposing counsel concerning the case nor participated in preparing a joint status report. Plaintiff appears to have abandoned his case.

Additionally, the Court warned Plaintiff that "[a]bsent a showing of good cause, the Court will enter a dismissal of this action after **May 11, 2023**, for failure to prosecute and follow the Court's orders." ECF No. 25 at 2.

## DISCUSSION

It is well established that district courts have the authority to dismiss for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss a case for failure to comply with a court order or failure to prosecute, the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61; *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

The Ninth Circuit has held that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Similarly, "[i]t is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to

ORDER OF DISMISSAL ~ 2

the endless vexatious noncompliance of litigants ….” *Ferdik*, 963 F.2d at 1261.  In the present action, the first two factors weigh in favor of dismissal.  Plaintiff has not filed a response to the Order to Show Cause, nor did he comply with the Court's Order to file a Joint Status Report so the case could be scheduled.  This lack of response by Plaintiff clearly shows that Plaintiff does not intend to litigate this case diligently, and ongoing delay would hinder the Court's ability to manage its docket.

The third factor for the Court to weigh is the risk of prejudice to the Defendants.  The Court must examine whether Plaintiff's actions impaired the Defendants' ability to go to trial or threatened to interfere with the rightful decision of the case.  *Malone v. U.S. Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable' delays." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The Court must also weigh whether prejudice is sufficient to support dismissal with consideration of the strength of Plaintiff's excuse for default.  *See Malone*, 833 F.2d at 131.  In the instant case Plaintiff has offered no excuse for his default.  Before the Order to Show Cause was entered, this case languished for a year and a half.  Thus, the complete lack of response by Plaintiff is creating an unreasonable delay.  For these reasons, this factor weighs in favor of dismissal.

ORDER OF DISMISSAL ~ 3

The fourth factor for the Court to consider is the public policy favoring disposition of cases on their merits. The Ninth Circuit has repeatedly found that public policy favors disposition of cases on the merits, therefore, this factor weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002); *Malone*, 833 F.2d at 133 n.2.

The fifth factor for the Court to consider is the availability of less drastic alternatives. *See U.S. v. Nat'l Med. Enter.*, 792 F.2d 906, 913 (9th Cir. 1986) (court must first consider the impact of the sanction and the adequacy of less drastic sanctions). "[C]ase law suggests that warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement." *Malone*, 833 F.2d at 132-33. This factor weighs in favor of dismissal. Plaintiff was clearly instructed to show cause as to why this case should not be dismissed. He was given adequate time to respond and has not responded. Plaintiffs complete lack of response demonstrates an unwillingness to participate in prosecuting this action.

After carefully weighing each of the factors, the Court finds that four out of the five factors weigh in favor of dismissal. Accordingly, the Court orders dismissal of this case.

//

//

ORDER OF DISMISSAL ~ 4

1    **ACCORDINGLY, IT IS HEREBY ORDERED**:

2    All claims and causes of action in this matter are **DISMISSED** with

3    prejudice.

4    The District Court Executive is directed to enter this Order and judgment

5    accordingly, furnish copies to counsel and Plaintiff at his last known addresses,

6    and **CLOSE** the file.

7    BRYAN DORSEY                BRYAN DORSEY
     111 Pike Street NE          114 20TH AVENUE E. #14
8    Auburn, WA 98002            SEATTLE WA 98112;

9

     **DATED** May 12, 2023.
10

11
                        THOMAS O. RICE
12                      United States District Judge

ORDER OF DISMISSAL ~ 5